**NOT FOR PUBLICATION**

FEB 18 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FAN WU,

               Petitioner,

   v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

Nos. 12-74066, 13-71511

Agency No. A096-364-713

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted February 9, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Fan Wu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' decisions (1) dismissing her appeal from an immigration

judge's denial of her application for asylum, and (2) denying her motion to reopen

proceedings based on new evidence.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The immigration judge's adverse credibility determination, entered in the course of proceedings on Wu's asylum application, is not supported by substantial evidence. Under *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907 (9th Cir. 2004), the submission of a fraudulent document cannot serve as the sole basis for an adverse credibility determination without a finding, or at least an indication, that the petitioner knew or should have known that the document was fraudulent. *Id.* at 911; *see also Khadka v. Holder*, 618 F.3d 996, 1001 (9th Cir. 2010). There has been no finding, and there is no indication in the record, that Wu knew or should have known that her notarial birth certificate and resident identification card were fraudulent. Her submission of those documents, on its own, cannot sustain an adverse credibility determination. *See Yeimane-Berhe*, 393 F.3d at 911.

(2) The BIA did not abuse its discretion in denying Wu's motion to reopen proceedings based on new evidence. Wu has not demonstrated that her Chinese passport was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). We express no opinion as to the authenticity or probative effect of the Chinese passport Wu proffered in support of her motion.

Wu's petition for review of the BIA's decision dismissing her appeal from the IJ's denial of her asylum application (No. 12-74066) is granted and the case remanded to the BIA for further proceedings on an open record. Wu's petition for review of the BIA's decision denying her motion to reopen proceedings (No. 13-71511) is denied. Each party shall bear their own costs on appeal.

**No. 12-74066: PETITION GRANTED; REMANDED**

**No. 13-71511: PETITION DENIED**